RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

NOV 2 5 2025

DANIEL J. McCOY, CLERK
BY: _____A.S._____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

HUGH BRIAN STREET,

Plaintiff,

v.

DEPUTY CHUCK CHRIST, in his individual capacity;

CHIEF OF OPERATIONS CALVIN TURNER, in his individual capacity;

SAM CRAFT, in his individual and official capacities as Sheriff;

LOUISIANA SHERIFFS' RISK MANAGEMENT PROGRAM (LSRMP); and

ABC INSURANCE COMPANY,

Defendants.

Case No.: 2:25-cv-1882

(To be assigned by Clerk)

JURY TRIAL DEMANDED

---

VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF,

AND STRUCTURAL INJUNCTIVE RELIEF (42 U.S.C. § 1983 & § 1985)

AND DIRECT ACTION (La. R.S. 22:1269)

---

I. PRELIMINARY STATEMENT

1. This is a civil rights action seeking damages against Deputy Chuck Christ, Chief Calvin Turner, Sheriff Sam Craft, and their insurers.

2. While acting under color of law, Deputy Christ retaliated against Plaintiff for recording police activity, unlawfully detained Plaintiff using a "trap" of conflicting orders, and committed assault by threatening lethal force.

3. The conduct was motivated by personal animus: "I done been through this shit with you before Brian."

4. Sheriff Sam Craft and Chief Turner ratified this conduct. Chief Turner explicitly stated "We do not investigate our own," admitting to a departmental policy of impunity.

II. JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 and § 1343. Venue is proper in the Western District of Louisiana.

6. This Court has jurisdiction over Defendants LSRMP and ABC Insurance Company pursuant to the Louisiana Direct Action Statute, La. R.S. 22:1269.

III. PARTIES

7. Plaintiff, HUGH BRIAN STREET, is a resident of Vernon Parish, Louisiana.

8. Defendant, CHUCK CHRIST, is a Deputy sued in his INDIVIDUAL CAPACITY.

9. Defendant, CALVIN TURNER, is the Chief of Operations sued in his INDIVIDUAL CAPACITY.

10. Defendant, SAM CRAFT, is the Sheriff of Vernon Parish (Official/Individual Capacity).

11. Defendant, **LSRMP**, is the liability insurer.

12. Defendant, **ABC INSURANCE COMPANY**, is the excess insurer.

IV. STATEMENT OF FACTS

A. HISTORICAL CONTEXT: THE ORIGIN OF MALICE (2013)

13. The animosity displayed by Defendant Christ is rooted in a prior encounter on May 14, 2013. Defendant Christ arrested Plaintiff. While Plaintiff was convicted of property damage, charges of **Resisting an Officer with Violence** were **DISMISSED**.

14. This failed prosecution created a lasting personal grudge held by Defendant Christ.

15. **Relevance:** This prior incident is pleaded under Fed. R. Evid. 404(b) as proof of **Motive, Intent, and Absence of Mistake** regarding the 2025 incident.

B. THE CURRENT INCIDENT (NOV 18, 2025)

16. On November 18, 2025, at approx. 9:40 AM, Plaintiff positioned his vehicle on an adjacent road near Fai Rd and David Midkiff Rd to record a traffic stop conducted by Defendant Christ.

17. Immediately upon Plaintiff exiting his vehicle, Defendant Christ screamed: "If you don't want to go to jail, you better get in your car and drive off."

18. Plaintiff verbally refused the unlawful order: "No sir. I do not want to go to jail, I'm just here to video record."

19. Defendant Christ escalated threats: "And I'm advising you that if you don't get in your car and leave, you're gonna go to jail."

20. As Defendant began approaching, Plaintiff asked "For what?" Defendant claimed "Driving under suspension."

* *Evidence of Fabrication:* Defendant asserted this *before* reaching the vehicle or running the plate.

21. Plaintiff disputed the claim ("I'm not under suspension"). Defendant insisted: "Yes you are... Just a reminder, I've advised you to drive away from this traffic stop."

22. Plaintiff eventually agreed to comply ("I'll do that") and stopped recording to enter his vehicle and leave as ordered.

23. **The Trap:** As Plaintiff turned to enter his vehicle to leave, Defendant Christ verbally countermanded his previous order, shouting "Hold up," and detained Plaintiff.

C. THE SHIFTING PRETEXTS & BAD FAITH

24. After detaining Plaintiff, Defendant Christ ABANDONED the "Suspended License" claim and cycled through new justifications:

* **False Claim 1:** "Expired Inspection." When Plaintiff pointed out the valid Texas Registration, Defendant admitted: "I know it's a Texas registration sticker." (Proof of Bad Faith).

* **False Claim 2:** "Obstructed License Plate." (Refuted by photographic evidence).

D. THE ASSAULT & ADMISSION OF VENDETTA

25. During the demand for ID, Plaintiff stood outside his vehicle. As Plaintiff reached for his pocket to comply, Defendant Christ deliberately placed his hand on his holstered duty weapon.

26. Plaintiff recoiled in fear: "Whoa, hey man chill out, don't do that... I'm reaching to get you my ID and you're reaching for your weapon. Please chill out man. We don't need to do this."

27. Defendant Christ responded: **"Well let me see your ID."**

28. Plaintiff replied: **"Just hold on man, I'm getting it for you."**

29. During this continued hostile interaction, Defendant Christ revealed his personal animus by stating: **"I done been through this shit with you before Brian."**

30. Plaintiff provided his Texas Driver's License (believed to be valid).

31. **Proof of Bad Faith:** Defendant Christ briefly looked at the ID but **did not run it** (via radio or computer) to verify the suspension he claimed existed. He handed it back and ordered: "Ok now get in your car and drive off, like I told you."

E. THE SECOND ASSAULT & INTIMIDATION

32. Approx. 30 minutes later (10:30 AM), Plaintiff returned on foot, positioning himself at a great distance (50+ yards) from the traffic stop.

33. Defendant Christ shouted: "You just ain't gonna quit before you go to jail **for interfering with my traffic stop**. Are you?"

34. Plaintiff responded: "I'm not interfering with your traffic stop, sir."

35. Defendant Christ retorted: "Well you're fixing to find out."

36. **The Witness Deputy:** During this second encounter, a Transport Deputy (Non-party witness) arrived at the scene.

37. **Supervisory Involvement:** Defendant Christ was speaking on his cell phone during this interaction. Defendant **Chief Calvin Turner** has subsequently admitted that **he** was the supervisor on the other end of that call.

38. While on the phone with Chief Turner, Defendant Christ acknowledged Plaintiff's "cell phone" and deliberately placed his hand on his weapon again while staring at Plaintiff.

F. ADMINISTRATIVE RATIFICATION & CONSPIRACY

39. On Nov 21, 2025, Plaintiff met with Sheriff Craft and Chief Turner.

40. Sheriff Craft **explicitly refused** to view the video evidence of the assault.

41. Chief Turner viewed the video but refused the criminal complaint, stating: **"We do not investigate our own."**

42. **Spoliation Risk:** Chief Turner admitted that Building Security Video is automatically deleted after **10 Days**. This deadline expires on or about **December 1, 2025**.

V. CAUSES OF ACTION

COUNT I: FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

*Turner v. Driver, 848 F.3d 678 (5th Cir. 2017)*.

COUNT II: UNLAWFUL SEIZURE (42 U.S.C. § 1983)

Detention based on fabricated pretexts and a failure to verify the alleged suspension.

COUNT III: EXCESSIVE FORCE / ASSAULT (42 U.S.C. § 1983)

Reaching for a lethal weapon against a compliant citizen is objectively unreasonable (*Graham v. Connor*).

COUNT IV: MONELL LIABILITY (Sheriff Craft)

The admission "We do not investigate our own" establishes an official policy of impunity.

COUNT V: STATE LAW CLAIMS

Aggravated Assault, Public Intimidation, Malfeasance, IIED, Abuse of Process.

COUNT VI: DUE PROCESS (14th Amendment)

Arbitrary and contradictory orders ("Drive off" vs. "Hold up").

COUNT VII: CONSPIRACY (42 U.S.C. § 1985)


Defendants acted in concert to deny Plaintiff equal protection.

COUNT VIII: EQUAL PROTECTION "CLASS OF ONE" (14th Amendment)

Plaintiff was targeted due to personal animus ("...before Brian").

COUNT IX: DIRECT ACTION (La. R.S. 22:1269)

Against Insurers.

VI. PRAYER FOR RELIEF

A. **Declaratory Judgment:** Declaring the "No Investigation" policy unconstitutional.

B. **Structural Injunctive Relief:** An Order appointing a Federal Monitor.

C. **Compensatory & Punitive Damages.**

D. **Nominal Damages ($1.00).**

E. **Injunctive Relief:** No contact.

F. **Attorney's Fees.**

VERIFICATION

I, HUGH BRIAN STREET, declare under penalty of perjury that the foregoing is true and correct.

Executed on November 24, 2025.

*[signature]*

Hugh Brian Street, Plaintiff Pro Se