UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HUGH BRIAN STREET** | **CASE NO. 2:25-CV-01882** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHUCK CHRIST ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is "Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 3) wherein *pro se* Plaintiff, Hugh Brian Street appears to move to preserve certain evidence.

Courts have a right to expect that litigants and counsel will take the necessary steps to ensure that relevant records are preserved when litigation is reasonably anticipated, and that such records are collected, reviewed, and produced to the opposing party." *Quantlab Technologies Ltd. (BGI) v. Godlevsky*, 2014 U.S. Dist. LEXIS 20305, 2014 WL 651944, *7 (S.D. Tex. Feb. 19, 2014) (citation omitted). "The duty to preserve 'arises when a party has notice that the evidence is relevant to litigation or ... should have known that the evidence may be relevant to future litigation. Generally, the duty to preserve extends to documents or tangible things ... by or to individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses.'" 2014 U.S. Dist. LEXIS 20305 [WL] at *8 (citations omitted). This duty may extend to a non-party to a proceeding when there is a special relationship involving the non-party or when the non-party enters into an agreement to preserve the evidence sought to be obtained. [*3]  See A*ndra Group, LP v. JDA Software Group, Inc.*, 2015 U.S. Dist. LEXIS 182527, 2015 WL 12731762, *15 (N.D. Tex. Dec. 9, 2015) (addressing the obligation of non-parties to preserve evidence

and noting that, "[a]bsent some special relationship or duty rising by reason of an agreement, contract, statute, or other special circumstance, the general rule is that there is no duty to preserve possible evidence for another party to aid that other party in some future legal action against a third party" (internal quotation marks omitted)). "Spoliation" of evidence "refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." See *Silvestri v. General Motors Corp.*, 271 F.3d 583 (4th Cir. 2001). See also *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010).

In the instant case, Plaintiff apparently forwarded correspondence to LSP officials shortly after the incident complained of and requested that any video recordings of the incident be preserved. There is no indication in the record that Plaintiff's request was not complied with or even whether such recordings exist or existed. See *Dixon v. Greyhound Lines, Inc.*, 2014 U.S. Dist. LEXIS 159714, 2014 WL 6087226, *3 (M.D. La. Nov. 13, 2014) (collecting cases addressing the obligation to preserve video evidence or an accident or incident). Further, there is no indication that intervention by the Court is warranted to preserve evidence that may or may not have been retained. Accordingly,

**IT IS ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 3) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 1st day of December, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**