UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION


HUGH BRIAN STREET,

Plaintiff,


v.


DEPUTY CHUCK CHRIST, et al.,

Defendants.


Case No.: 2:25-CV-01882

JUDGE JAMES D. CAIN, JR.

MAGISTRATE JUDGE LEBLANC

---

PLAINTIFF'S MOTION FOR CLARIFICATION AND RECONSIDERATION

OF MEMORANDUM ORDER DENYING T.R.O.

---

COMES NOW, Plaintiff Hugh Brian Street, Pro Se, and respectfully moves this Honorable Court pursuant to *Fed. R. Civ. P. 59(e)* and *60(b)* for clarification and reconsideration of the Memorandum Order denying Plaintiff's request for a Temporary Restraining Order.

**I. BASIS FOR MOTION (CONFLATION OF DISTINCT MOTIONS)**

Plaintiff respectfully submits that the Court's Order appears to have inadvertently conflated two separate and distinct Emergency Motions filed by the Plaintiff on **November 25, 2025**:

**1. THE "SAFETY" MOTION (Subject of the Denial):**

* **Title:** **"Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction"**

* **Relief Sought:** An Order enjoining Deputy Chuck Christ from contacting/arresting Plaintiff due to specific threats of lethal force ("fixing to find out"), an admitted 12-year vendetta, and a lack of internal administrative protection.

* **Status:** The Court's recent Order denied this motion.

**2. THE "EVIDENCE" MOTION (Subject of the Analysis):**

* **Title:** **"Plaintiff's Emergency *Ex Parte* Motion for Preservation of Evidence"**

* **Relief Sought:** An order halting the 10-day automated deletion of video evidence over the Thanksgiving holiday.

* **Status:** The Court's Order discusses this issue exclusively, citing *Quantlab Technologies v. Godlevsky* regarding the legal duty to preserve evidence.

**II. THE ERROR IN THE RULING**

The Memorandum Order technically denies the **Motion for Temporary Restraining Order**, but the legal analysis provided addresses the legal standards for **Spoliation of Evidence**.

The Order does not address the Plaintiff's verified allegations regarding **Immediate Physical Danger**, specifically:

* **Aggravated Assault:** Deputy Christ reaching for a weapon while Plaintiff was compliant.

* **Retaliatory Motive:** The admission of a personal grudge ("...before Brian").

* **Imminent Danger:** The risk of pretextual arrest or physical harm given the Department's refusal to investigate.

**III. CONCLUSION**

Plaintiff respectfully requests that the Court **RECONSIDER** the denial of the Temporary Restraining Order (Safety). The "Duty to Preserve" cited by the Court protects the *video*, but it does not protect the *Plaintiff* from the physical threats and retaliation detailed in the Verified Complaint.

Respectfully submitted,

_____

Hugh Brian Street

Plaintiff Pro Se

---

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.4.1**

**(INABILITY TO CONFER)**

I, Hugh Brian Street, Pro Se, hereby certify that compliance with Local Civil Rule 7.4.1 is not possible at this time because no attorney has entered an appearance on behalf of the Defendants, and the relief sought is a clarification of a *sua sponte* Court Order.

_____

Hugh Brian Street

---

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of December, 2025, a true and correct copy of the foregoing Motion was served upon the Defendants via **United States Mail**, postage prepaid, directed to:

Sheriff Sam Craft

Vernon Parish Sheriff's Office

1203 South 4th Street

Leesville, LA 71446

*[signature]*

Hugh Brian Street