UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**HUGH BRIAN STREET**              :     **DOCKET NO. 2:25-cv-01882**

**VERSUS**                         :     **JUDGE JAMES D. CAIN, JR.**

**CHUCK CHRIST ET AL**             :     **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM ORDER

Before the court is *pro se* plaintiff Hugh Brian Street's motions for Leave to Conduct Expedited Discovery and for Service by U.S. Marshal [doc. 4] (the "Discovery Motion") and for Service of Process by U.S Marshal \*\*INSTANTER\*\* (IMMEDIATELY) [doc. 5] (the "Service Motion"). Additionally, Plaintiff has filed a Notice of Filing Proposed Order [doc. 15] to supplement the Discovery Motion. For the reasons set forth below, the motions are **DENIED**.

Plaintiff filed the Discovery Motion, asking for "immediate service" of a set of requests for production, arguing such discovery was necessary to prevent spoliation of certain video evidence. Doc. 4. Plaintiff claims good cause for this premature discovery, as the evidence sought to be preserved is needed to aid the court in resolving his previous Motion for Temporary Restraining Order and Motion for Preliminary Injunction [doc. 3] (the "TRO/PI Motion"). *Id*. In the Service Motion, Plaintiff seeks to have the U.S. Marshal serve his complaint, and to do so "\*\*FORTHWITH\*\* (within 24 hours)." Doc. 5. Plaintiff contends such "\*\*IMMEDIATE\*\* service" is needed to avoid spoliation of evidence and that service by the U.S. Marshal is appropriate because, based on his allegations of aggravated assault against certain defendants, "[p]ersonal service by the Plaintiff would create a high risk of confrontation." *Id*.

Since the filing of these motions, however, this court has denied Plaintiff's TRO/PI Motion, which essentially asserted the same concerns as the instant motions, i.e., fear of spoliation and the need to preserve evidence. Doc. 6. Specifically, this court stated

> In the instant case, Plaintiff apparently forwarded correspondence to LSP officials shortly after the incident complained of and requested that any video recordings of the incident be preserved. There is no indication in the record that Plaintiff's request was not complied with or even whether such recordings exist or existed. See *Dixon v. Greyhound Lines, Inc.*, 2014 U.S. Dist. LEXIS 159714, 2014 WL 6087226, *3 (M.D. La. Nov. 13, 2014) (collecting cases addressing the obligation to preserve video evidence or an accident or incident). Further, there is no indication that intervention by the Court is warranted to preserve evidence that may or may not have been retained.

Doc. 6, p. 2. As the court has already determined there is no need for court intervention to prevent spoliation, it follows that there is also no need to expedite discovery or service on defendants for the same reasons. There are no facts presented that suggest the evidence sought through Plaintiff's discovery is not being preserved and therefore no need to stray from the prescribed procedure set out in Federal Rule of Civil Procedure 26(d)(1).[1] Accordingly, Plaintiff's Motion for Leave to Conduct Expedited Discovery and for Service by U.S. Marshal [doc. 4] is **DENIED**.

Moreover, Plaintiff's request that the U.S. Marshal Service serve defendants with his complaint, expeditiously or otherwise, is not warranted. In support of his request for service by the U.S. Marshal, Plaintiff makes the same spoliation argument heretofore rejected and also cites concerns for his personal safety. Specifically, Plaintiff submits that, as he was allegedly the victim of an aggravated assault committed by one of the defendants, he fears confrontation should he attempt to personally serve the defendants. Doc. 5. According to Federal Rule of Civil Procedure

---

[1] "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

4(c), however, Plaintiff is prohibited from serving any document on the defendants himself.[2] Further, although Federal Rule of Civil Procedure 4(c)(3) permits service by a marshal or deputy marshal, it does not command it when a plaintiff is not proceeding *in forma pauperis*, which Plaintiff is not.[3]  Instead, as noted *supra* note 2, any nonparty at least 18 years of age may execute service, and such process seems more appropriate here as Plaintiff's concerns for his own safety are alleviated by Rule 4(c)(2)'s prohibition of him making the service himself.  Accordingly, Plaintiff's Urgent Motion for Service of Process by United States Marshal [doc. 5] is **DENIED**.

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiff Hugh Brian Street's Motion for Leave to Conduct Expedited Discovery and for Service by U.S. Marshal [doc. 4], as supplemented [Doc. 15], is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Urgent Motion for Service of Process by United States Marshal [doc. 5] is **DENIED**.

**THUS DONE AND SIGNED** in chambers this 10th day of December, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] "Any person who is at least 18 years old *and not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added).

[3] At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916. Fed. R. Civ. P. 4(c)(3).