UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HUGH BRIAN STREET** | **CASE NO. 2:25-CV-01882** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHUCK CHRIST ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is *pro se* Plaintiff, Hugh Brian Street's Motion to Reconsider and Motion to Expedite (Doc. 14), wherein Plaintiff requests that the Court reconsider its denial of Plaintiff's requested Temporary Restraining Order[1] to order Defendants to preserve all video surveillance. Plaintiff complains that the Court failed to address part of his request for a TRO against the Vernon Parish Sheriff's Office and Deputy Chuck Christ. In one of two motions filed by Plaintiff for a TRO,[2] Plaintiff alleges that (1) Deputy Christ threatened lethal force and reached for his weapon, and (2) Deputy Christ has a pre-existing grudge stemming from a 2013 incident.

Plaintiff also alleges that he has a reasonable fear of retaliation based on unresolved allegations of violence and A suspicious death—the Bradley Stracener case--and that "[t]he administration admitted: "We do not Investigate our own."[3] Plaintiff specifically requests that the TRO (1) enjoin Deputy Chuck Christ from coming within 100 feet of Plaintiff, his home, or his vehicle, (2) order the VPSO to dispatch a different agency such as the

---

[1] Docs. 3 and 6.
[2] Doc. 3.
[3] Doc. 3 ¶ ¶ 2 and 3.

Louisiana State Police or a different deputy for any bona fide calls for service regarding Plaintiff, and (3) order Defendants to preserve all video evidence.

The ruling of this Court only addressed the issue of preserving all video evidence based on fundamental law. The Court will not revisit that issue. As to the remaining requests for a TRO, Plaintiff has failed to show that all of the factors necessary to grant the relief requested are met.

The Court notes that Plaintiff has not served the Defendants in this case. "A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm." *Moon v. Sissen*, 2024 WL 5324949, at *1 (E.D. Mich. Dec. 16, 2024) (quoting *Brown v. Countrywide Home Loans*, 2009 WL 1798069, at *1 (E.D. Mich. June 19, 2009).

This Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

   (A)   Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

   (B)   The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Federal Rule of Civil Procedure 65(b)(1).

Here, Plaintiff's request will be denied because he does not satisfy either requirement in Rule 65(b)(1). Plaintiff has failed to present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or

damage will result to [him] before the [Defendants] can be heard in opposition." Federal Rule of Civil Procedure 65(b)(1)(A). Nor does Plaintiff "certify[y] in writing any efforts made to give notice and the reasons why it should not be required." Federal Rule of Civil Procedure 65(b)(1)(B).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 14) concerning the preservation of surveillance evidence is **DENIED** and the Motion for a Temporary Restraining Order to Preserve Evidence (Doc. 2) is **DENIED.**[4]

**IT IS FURTHER ORDERED** that Plaintiff's remaining requests for a TRO (Doc. 3) against the Vernon Parish Sheriff's Office and Deputy Chuck Christ is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Expedited Consideration is **GRANTED.**

**THUS DONE AND SIGNED** in chambers on this 12th day of December, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The Motions in Docs. 2 and 3 both request a TRO as to preservation of video surveillance.