Exhibit A

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

DEC 0 5 2025

BY: _____ DANIEL J. McCOY, CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

HUGH BRIAN STREET,

Plaintiff,

v.

DEPUTY CHUCK CHRIST, in his individual capacity;

CHIEF OF OPERATIONS CALVIN TURNER, in his individual capacity;

SAM CRAFT, in his individual and official capacities as Sheriff;

LOUISIANA SHERIFFS' RISK MANAGEMENT PROGRAM (LSRMP); and

ABC INSURANCE COMPANY,

Defendants.

Case No.: 2:25-CV-01882

Judge James D. Cain, Jr.

Magistrate Judge LeBlanc

JURY TRIAL DEMANDED

---

**FIRST AMENDED** VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF,

AND STRUCTURAL INJUNCTIVE RELIEF (42 U.S.C. § 1983 & § 1985)

AND DIRECT ACTION (La. R.S. 22:1269)

---

**I. PRELIMINARY STATEMENT**

1. This is a civil rights action seeking damages against Deputy Chuck Christ, Chief Calvin Turner, Sheriff Sam Craft, and their insurers.

2. While acting under color of law, Deputy Christ retaliated against Plaintiff for recording police activity, unlawfully detained Plaintiff using a "trap" of conflicting orders, and committed assault by threatening lethal force.

3. The conduct was motivated by personal animus: "I done been through this shit with you before Brian."

4. Sheriff Sam Craft and Chief Turner ratified this conduct. Chief Turner explicitly stated "We do not investigate our own," admitting to a departmental policy of impunity.

**II. JURISDICTION AND VENUE**

5. Jurisdiction is proper under 28 U.S.C. § 1331 and § 1343. Venue is proper in the Western District of Louisiana.

6. This Court has jurisdiction over Defendants LSRMP and ABC Insurance Company pursuant to the Louisiana Direct Action Statute, La. R.S. 22:1269.

**III. PARTIES**

7. Plaintiff, HUGH BRIAN STREET, is a resident of Vernon Parish, Louisiana.

8. Defendant, CHUCK CHRIST, is a Deputy sued in his INDIVIDUAL CAPACITY.

9. Defendant, CALVIN TURNER, is the Chief of Operations sued in his INDIVIDUAL CAPACITY.

10. Defendant, SAM CRAFT, is the Sheriff of Vernon Parish (Official/Individual Capacity).

11. Defendant, **LSRMP**, is the liability insurer.

12. Defendant, **ABC INSURANCE COMPANY**, is the excess insurer.

**IV. STATEMENT OF FACTS**

**A. EVIDENTIARY CONTEXT: PROOF OF MOTIVE & INTENT (Fed. R. Evid. 404(b))**

*Note: The following historical incidents are pleaded not as independent causes of action for which damages are sought directly, but as evidentiary proof of the Defendants' pattern, practice, motive, and intent regarding the actionable conduct of November 18, 2025.*

**1. The 2011/2012 Incident (The Restraint Chair & Deletion Policy)**

13. On a weekend date in approximately 2011 or 2012, Plaintiff was present at the "Old" VPSO Administrative Office to post bail for an acquaintance. Plaintiff was approached by a State Trooper and VPSO Deputies who initiated a confrontation based on a false accusation. A complete timeline of these historical events and their connection to the current case is attached hereto as Exhibit E (Chronology of Events).

14. **The Verbal Exchange:**

   * **Trooper:** "Excuse me sir, when you just walked in here were you whispering to your girlfriend in there?"

   * **Plaintiff:** "No, sir. I walked in and spoke with the clerk, she said ya'll weren't done booking her yet and asked me to have a seat, I sat down. I'm waiting for a bondsman."

   * **Trooper:** "Well then why's there a deputy in there that says you were whispering to her?"

   * **Plaintiff:** "I don't know sir, I walked in and walked up to the counter like I said then sat down, and been sitting here ever since."

   * **Trooper:** "Well, I think you need to leave."

   * **Plaintiff:** "If you don't mind, I'd like to sit here and wait for a bondsman, I'm not and won't bother anybody."

   * **Trooper (Screaming):** "You either leave right now, or you're going to jail."

   * **Plaintiff:** "Sir, wouldn't I need to commit a crime before you take me to jail?"

   * **Trooper (Admission of Tyranny):** **"Not if I decide any different."**

   * **Plaintiff:** "Well, where am I at, in fucking China?"

15. **Excessive Force:** Immediately following this verbal exchange, the Trooper grabbed Plaintiff by the arm and **threw him face-first into the glass window** beside the main door. Plaintiff was then

Case 2:25-cv-01882-JDC-TPL    Document 13-2    Filed 12/05/25    Page 4 of 11 PageID #: 328

swarmed by deputies, taken to the parish jail, and placed in a **Restraint Chair**. Plaintiff was held in this restraint device for an extended period (spanning the weekend) prior to being fully processed or released.

16. **The Spoliation:** Following this incident, Plaintiff's counsel attempted to obtain the security video of the lobby assault. The VPSO refused to produce it, claiming (**identical to the policy admitted to in the present case**) that **"All video is deleted after 10 days."**

17. **Relevance to Current Policy:** This historical fact establishes that the "10-Day Deletion" excuse used in 2025 is not a new technical limitation, but a long-standing custom used by the VPSO to conceal evidence of excessive force, supporting the *Monell* claim.

**2. The 2013 Incident (The Origin of Deputy Christ's Malice)**

18. On May 14, 2013, Deputy Chuck Christ pursued Plaintiff to his home. A violent altercation occurred involving Deputy Christ, the Plaintiff, and Plaintiff's mother.

19. **The Use of Force:** A physical altercation ensued involving Defendant Christ, the Plaintiff, and Plaintiff's mother. Defendant Christ used physical force against both parties.

   * *Note:* While the 30th Judicial District Court ruled that the Deputy's use of force against **Plaintiff's mother** was legally justified under the circumstances, the Court did not issue a ruling affirming the justification of force used against the Plaintiff himself.

20. **The Protected Activity (Speaking Out):** During the incident, Plaintiff engaged in protected First Amendment activity by verbally opposing Defendant Christ's use of force against his mother.

21. **The Charge Stacking:** Plaintiff was charged with multiple offenses, including "Resisting an Officer with Force or Violence." These charges were AMENDED/REDUCED by the State, and Plaintiff pled to misdemeanor offenses (See Certified State Court Records, attached hereto as Exhibit B).

22. **Forced Exile (2014):** Following the conclusion of the legal proceedings in 2014, the systemic harassment and threat of retaliation by the VPSO became intolerable. To avoid **further retaliatory harassment and potential excessive force**, Plaintiff was **forced to flee Vernon Parish** in 2014. Plaintiff lived out of his vehicle for six years, working itinerant labor, solely to escape the Department's pattern of targeting him.

23. **Relevance:** This history establishes that Defendant Christ harbors a personal grudge regarding the failed felony prosecution and Plaintiff's opposition. His statement on Nov 18, 2025 ("I done been through this shit with you before, Brian") confirms he utilized this 12-year-old history to justify his aggression.

24. **Zero Contact:** Between the resolution of the 2013 incident and November 18, 2025, there was **zero contact** between Plaintiff and Defendant Christ. This confirms that the Deputy's immediate

hostility in 2025 was not based on recent behavior, but was the reactivation of a dormant personal vendetta.

**B. THE CURRENT INCIDENT (NOV 18, 2025)**

25. On November 18, 2025, at approx. 9:40 AM, Plaintiff positioned his vehicle on an adjacent road near Fal Rd and David Midkiff Rd to record a traffic stop conducted by Defendant Christ.

26. **The Initial Threat:** Immediately upon Plaintiff exiting his vehicle, Defendant Christ aggressively commanded: "If you don't want to go to jail, you better get in your car and drive off" (See Video Evidence, Exhibit D, File 1).

27. **The Assertion of Rights:** Plaintiff verbally refused: **"No sir, I do not want to go to jail, I'm just here to take a video."**

28. **The False Premise:** Defendant Christ claimed "Driving under suspension" *before* approaching the vehicle or running the plate.

29. **The Compliance:** Facing threats of jail, Plaintiff agreed to comply ("I'll do that") and stopped recording to enter his vehicle and leave as ordered.

30. **The Trap:** As Plaintiff turned to enter his vehicle to leave, Defendant Christ verbally countermanded his previous order, shouting "Hold up," and detained Plaintiff.

**C. THE SHIFTING PRETEXTS & MALFEASANCE**

31. After detaining Plaintiff, Defendant Christ ABANDONED the "Suspended License" claim and cycled through new justifications:

* False Claim 1: "Expired Inspection." When Plaintiff pointed out the valid Texas Registration, Defendant admitted: "I know it's a Texas registration sticker." (Proof of Bad Faith).

* False Claim 2: "Obstructed License Plate." This claim is objectively false and is refuted by photographic evidence attached hereto as Exhibit A, and video evidence contained in Exhibit D (File 6).

32. **The "No Run" Malfeasance:** Defendant Christ seized Plaintiff's ID based on the "Obstructed Plate" claim. However, video evidence proves he looked at the ID briefly and handed it back without running a check (See Video Evidence, Exhibit D, File 2).

* The Solicitation Paradox: He then ordered Plaintiff: "Ok now get in your car and drive off, like I told you." If Defendant Christ believed the license was suspended (as originally claimed), he knowingly ordered a suspended driver to operate a vehicle. If he did not believe it, the initial stop was a lie.

5 of 11

**D. THE ASSAULT & VENDETTA**

33. During the ID demand, Defendant Christ placed his hand on his holstered weapon while Plaintiff was compliant.

34. Plaintiff recoiled: "Whoa, hey man chill out... I'm reaching to get you my ID and you're reaching for your weapon."

35. During this detention, Defendant Christ stated: **"I done been through this shit with you before, Brian."**

   * This admission confirms the use of force was driven by the 2013 personal vendetta.

**E. THE SECOND ASSAULT (APPROX. 10:30 AM)**

36. Plaintiff drove away as the Deputy ordered. However, at **approx. 10:30 AM**, Plaintiff returned to the scene on foot, positioning himself at a great distance (50+ yards) from the scene to resume filming.

37. Defendant Christ shouted: **"You just ain't gonna quit before you go to jail for interfering... well you're fixing to find out."**

38. **Proof of Non-Interference:** Following this threat, Defendant Christ returned to his duties for a period of time, proving Plaintiff was not interfering.

39. **The Weapon Reach:** Subsequently, while speaking on his cell phone, Defendant Christ acknowledged Plaintiff's "cell phone" and again deliberately placed his hand on his weapon while staring at Plaintiff (See Video Evidence, Exhibit D, Files 3-5).

40. **Supervisory Involvement:** Defendant **Chief Calvin Turner** has admitted he was the supervisor on the phone during this interaction.

   * While no verbal threats were made *during* the pendency of the call, the Deputy was actively engaged in physical intimidation (posturing with his hand on his weapon) against a citizen while communicating with his supervisor.

   * The Chief's presence on the line confirms the Deputy was acting under direct supervision and within the scope of his employment during this act of intimidation.

41. **The Witness Deputy:** A Transport Deputy (Non-party witness) arrived during this second encounter. His Dash Camera likely captured the scene, confirming Plaintiff's distance.

**F. ADMINISTRATIVE RATIFICATION & CONSPIRACY**

42. On Nov 21, 2025, Plaintiff met with Sheriff Craft and Chief Turner.

43. Sheriff Craft **refused** to view the video evidence.

44. Chief Turner viewed the video but refused the criminal complaint, stating: **"We do not investigate our own."**

45. **Spoliation Risk:** Chief Turner admitted that Building Security Video is automatically deleted after *10 Days.*

* The deadline for this automated deletion was December 1, 2025.

* Plaintiff provided Defendants with actual written notice via Hand Delivery and Certified Mail to preserve this evidence prior to that deadline (See Proof of Service/Receipt, attached hereto as Exhibit C).

* Any destruction of this evidence subsequent to the notice constitutes intentional spoliation and ratification of the underlying conduct.

**V. CAUSES OF ACTION**

**COUNT I: FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)**

*Turner v. Driver* (5th Cir.).

**COUNT II: UNLAWFUL SEIZURE (42 U.S.C. § 1983)**

Detention based on fabricated pretexts and a failure to verify the alleged suspension.

**COUNT III: EXCESSIVE FORCE / ASSAULT (42 U.S.C. § 1983)**

Threat of lethal force against a compliant citizen.

**COUNT IV: MONELL LIABILITY (Sheriff Craft)**

1. **Policy of Impunity:** "We do not investigate our own."

2. **History of Spoliation:** The "10-Day Deletion" policy is a long-standing custom used to conceal excessive force (2011 & 2025).

3. **Revenue Motive (LACE):** Incentivizing pretextual stops ("Fishing Expeditions").

**COUNT V: STATE LAW CLAIMS**

Aggravated Assault, Public Intimidation, Malfeasance, IIED, Abuse of Process.

**COUNT VI: DUE PROCESS (14th Amendment)**

Arbitrary and contradictory orders ("Drive off" vs. "Hold up").

**COUNT VII: CONSPIRACY (42 U.S.C. § 1985)**

Defendants acted in concert to deny Plaintiff equal protection.

**COUNT VIII: EQUAL PROTECTION "CLASS OF ONE" (14th Amendment)**

Plaintiff was targeted due to personal animus ("...before Brian").

**COUNT IX: DIRECT ACTION (La. R.S. 22:1269)**

Against Insurers.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hugh Brian Street prays for judgment in his favor and against Defendants as follows:

A. **Declaratory Judgment:** Declaring the "No Investigation" policy unconstitutional.

B. **Structural Injunctive Relief:** An Order appointing a **Federal Monitor** to oversee the VPSO Internal Affairs division and Use of Force reporting.

C. **Compensatory & Punitive Damages ($15,000,000.00).**

  * **Compensatory Damages:** For the violation of Constitutional Rights, False Imprisonment, and Assault on November 18, 2025.

  * **Aggravated Damages (The "Eggshell Plaintiff"):** Plaintiff pleads that the emotional distress caused by the 2025 assault was uniquely severe because it reactivated the trauma of Plaintiff's prior **6-year forced exile and homelessness**. Defendants take the Plaintiff as they find him; by targeting a victim they previously traumatized, they are liable for the heightened psychological injury caused by the renewal of that persecution.

  * **Punitive Damages:** Against Defendants Christ, Turner, and Craft in their individual capacities for malicious conduct.

D. **Nominal Damages:** Awarding Nominal Damages ($1.00) to establish "Prevailing Party" status.

E. **Injunctive Relief:** Permanently enjoining Deputy Chuck Christ from initiating any contact, traffic stop, or detention of Plaintiff without a warrant.

F. **Attorney's Fees & Costs:** Awarding reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

G. **Interest:** Awarding pre-judgment and post-judgment interest at the maximum rate allowed by law.

H. **General Relief:** Granting such other and further relief as this Court deems just and proper.


**VERIFICATION**

I, HUGH BRIAN STREET, declare under penalty of perjury that the foregoing is true and correct.


Executed on December 5, 2025.

_____

Hugh Brian Street, Plaintiff Pro Se


HUGH BRIAN STREET v. DEPUTY CHUCK CHRIST, et al.

Case No.: 2:25-CV-01882

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of December, 2025, a true and correct copy of the foregoing **First Amended Verified Complaint** (along with all attached Exhibits) was served upon the Defendants via the following methods in compliance with Federal Rule of Civil Procedure 5:

**1. SERVICE BY U.S. MARSHAL (FOR SUMMONS):**

Copies have been provided to the United States Marshal Service for personal service of the Summons and Amended Complaint upon:

* Deputy Chuck Christ

* Sheriff Sam Craft

* Chief Calvin Turner

* Louisiana Sheriffs' Risk Management Program (LSRMP)

**2. SERVICE BY U.S. MAIL:**

A copy was placed in the United States Mail, postage prepaid, addressed to:

Sheriff Sam Craft

Vernon Parish Sheriff's Office

1203 South 4th Street

Leesville, LA 71446

_____

Hugh Brian Street

Case 2:25-cv-01882-JDC-TPL    Document 13   Filed 12/05/25   Page 11 of 11 PageID #: 335

Plaintiff Pro Se

385 RC Stephens Rd

Leesville, LA 71446

/