UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

**HUGH BRIAN STREET**              **CIVIL ACTION NO. 2:25-CV-01882**

                                   **DJUDGE JAMES D. CAIN, JR.**

**VERSUS**

                                   **MAGISTRATE JUDGE LeBLANC**

**CHUCK CHRIST, ET AL.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM

**MAY IT PLEASE THE COURT:**

Now comes the Louisiana Sheriffs' Law Enforcement Program (misidentified as the Louisiana Sheriffs Risk Management Program), who files this memorandum in support of its accompanying motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons listed below, Plaintiff does not have a claim against the Louisiana Sheriffs' Law Enforcement Program ("LSLEP").

Here, Hugh Brian Street ("Plaintiff") has filed this action Sheriff John Craft, Chief Calvin Turner, and Deputy Chuck Christ, primarily alleging a myriad of claims, all of which appear to originate from an alleged interaction between Deputy Christ and Plaintiff on November 18, 2025.[1] Plaintiff has erroneously represented that the LSLEP is subject to direct action pursuant the LSA-R.S. § 22:1269. This is not so and, consequently, the LSLEP must be dismissed with prejudice from this action.

Pursuant to LSA-R.S. § 13:5572, the Louisiana Legislature authorizes any two or more Louisiana Sheriffs to join together and establish an interlocal risk management program to pool

---

[1] See Plaintiff's Amended Complaint, R. Doc. 13. Sheriff Craft, Calvin Turner, and Deputy Chuck Christ will file separate responsive pleadings on or prior to January 29, 2026, as required by this Court (R. Doc. 25).

their public liability risks, and to establish a group self-insurance fund. Per this authority, the LSLEP was established as an interlocal risk management program. The LSLEP, by law, is not considered to be an insurance company or an insurer, is not subject to the provisions of the Insurance Code, and is not subject to a direct legal action by a person allegedly injured by someone for whom the LSLEP provides professional liability coverage. LSA-R.S. § 13:5573 provides:

> An interlocal risk management agency is not an insurance company or an insurer under the laws of this state and the designation by the agency of the Louisiana Sheriffs' Association or a third party shall not constitute said association or entity as an insurance company or an insurer under the laws of this state. The development and the administration by an interlocal risk management agency or the Louisiana Sheriffs' Association of a group self-insurance fund shall not constitute doing an insurance business. Intergovernmental agreements providing for the creation and maintenance of an interlocal risk management agency shall not be deemed to constitute insurance as defined by R.S. 22:46; nor shall the interlocal risk management agency or the development of a group self-insurance fund be subject to the provisions of Chapter 1 of Title 22 of the Louisiana Revised Statutes of 1950.

The Louisiana Direct Action Statute is identified as LSA-R.S. § 22:1269. Because the LSLEP is not considered to be an insurance company or insurer and is specifically not subject to the provisions of Chapter 1 of Title 22 of Louisiana's Revised Statutes, Plaintiff has no right of direct action against the LSLEP—even if called the Louisiana Sheriff's Risk Management Program—under Louisiana's Direct Action Statute. *See Brasseaux v. Lafayette Par. Police Jury*, 1999-1776, 759 So.2d 209, 212-13 (La. App. 3 Cir. 4/5/00). In *Brasseaux*, the Third Circuit Court of Appeal held that the LSRMP, the Sheriffs' risk management agency and predecessor of the LSLEP, was not subject to direct action by a person allegedly injured by a tort attributable to a sheriff's deputy. The Court wrote that because the then LSRMP was exempted from Title 22, "direct action against the LSRMP is not authorized by La. R.S. 22:655." *Id.*

The *Brasseaux* decision rejected several theories offered by the plaintiff. including one based on a theory of Stipulation Pour Autri. The Court noted that "the relationship between an

insurer and a third-party claimant is neither fiduciary nor contractual: it is fundamentally adversarial. A cause of action directly in favor of a third-party claimant against a tortfeasor's insurer is not generally recognized absent statutory creation. *Theriot v. Midland Risk Ins. Co.*, 95-2895, (La. 5/20/97); 694 So.2d 184. Simply stated, had the legislature intended to subject interlocal risk management agencies to direct action. it could have easily done so. *Senegal v.* Faul, 598 So.2d 686 (La. App. 3 Cir. 1992); *Brasseaux*, 759 So.2d at 213. Because the risk management agency was statutorily not subject to a direct action. the Court concluded. "[t]he Plaintiff's argument lacks merit." *Id.*

In *Logan v. Hollier*. 424 So.2d 1279 (La. App. 3rd Cir. 1982), the Court reached a similar conclusion with respect to an identical statutory regime for Louisiana municipalities. Plaintiff there filed a wrongful death action against municipal police officers and the Louisiana Municipal Risk Agency, an interlocal risk management agency founded pursuant to LSA-R.S. § 33:1341, *et seq.* R.S. 33:1343 authorizes local government subdivisions to form such an interlocal risk management program pursuant to the predecessor to R.S. 13:5572, former La. R.S. 33:5582.

In *Logan*, the Court of Appeal rejected plaintiff's argument that the LMRA, in acting like an insurer, should be treated like an insurer and be subject to a direct action by an injured party. The Court there held that under the express terms of LSA-R.S. § 33:1345, the Louisiana Municipal Risk Agency was not an insurance company or an insurer and was not subject to the insurance provisions of Louisiana's Revised Statutes, including the Direct Action Statute.  In pertinent part, the test of LSA-R.S. 13:5573 is practically identical to that of LSA-R.S. § 33:1345, pertaining to the Louisiana Sheriff's Risk Management Agency.  Both statutes, in clear and unequivocal terms, dictate that an interlocal risk management agency is not considered to be an insurance company or an insurer in the eyes of the law, and is not subject to the Insurance Code.

Further, *Logan* addressed the plaintiff's argument that the Legislature had only intended to remove the risk management agencies from the "regulatory aspects" of the Insurance Code and did not intend to preclude direct actions. The Third Circuit rejected this argument as well, stating that "…had the Legislature intended such a limited qualification, it could have easily done so." As the Court stated:

> When a law is clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. LSA-C.C. art. 13; *Gill Trailer & Equip. Rentals. Inc. v. S. D'Antoni, Inc*., 282 So.2d 714 (La. 1973). We find nothing in the statutes indicating any contrary interpretation. Without enabling legislation, the right to direct action does not exist. *Vincent v. Pendrod Drilling Co.*. 372 So.2d 807 (La. App. 3rd Cir. 1979). R.S. 33:1345's meaning is entirely free from ambiguity: no direct action is available under the circumstances presented.

*Logan*, 424 So.2d at 1281.

It is noted here that the *Logan v. Hollier* case was also prosecuted in federal court, as a civil rights action against the same defendants. *Logan v. Hollier*, 699 F.2d 758 (5th Cir. 1983). Again, plaintiff urged that the Louisiana Municipal Risk Management Agency was a de facto insurer and could therefore be sued under the Direct Action Statute. The Fifth Circuit adopted the same interpretation of the pertinent statutes as the Louisiana Third Circuit Court of Appeal in the companion state case, and held that the Louisiana Municipal Risk Management Agency was by law not considered to be an insurer under the specific provisions of R.S. 33:1345, and consequently by law could not be sued by an injured party under the Louisiana Direct Action Statute. Thus, in both the state and federal *Logan* cases, the plaintiff was found to have no right or cause of action against the Louisiana Municipal Risk Management Agency.

The language of R.S. 13:5573 is clear and unambiguous, like the language in R.S. 33:1345. Equally clear is that an interlocal risk management agency, such as the defendant here, is not subject to the provisions of the Insurance Code, which include the Direct Action Statute, R.S.

22:1269. Plaintiff herein does not allege that any act or omission of the LSLEP caused him damages under either § 1983 or Louisiana state law.[2] Without a direct action under the Insurance Code, he has failed to state a claim against the Louisiana Sheriffs' Law Enforcement Program. The LSLEP therefore respectfully submits that this Honorable Court should grant this motion to dismiss, dismissing Plaintiff's claims against it with prejudice and at Plaintiff's sole cost.

Respectfully submitted,

RODRIGUE & ARCURI LLP

s/ *Jason P. Wixom*
LAURA C. RODRIGUE (LSBN #30428)
BLAKE J. ARCURI (LSBN #32322)
JASON P. WIXOM (LSBN #32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel:  (504) 592-4600 Fax: (504) 592-4641
COUNSEL FOR DEFENDANTS
Email: jason@rodriguearcuri.com
laura@rodriguearcuri.com
blake@rodriguearcuri.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of January, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the court's electronic filing system.  I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by electronic mail.

s/ *Jason P. Wixom*
JASON P. WIXOM

---

[2] *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.")

5