UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

HUGH BRIAN STREET                    CIVIL ACTION NO. 2:25-CV-01882

                                                                                                      JUDGE JAMES D. CAIN, JR.

VERSUS

                                                                                                      MAGISTRATE JUDGE LeBLANC

CHUCK CHRIST, ET AL.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM**

NOW INTO COURT, through undersigned counsel, come Sheriff John Craft, Chief Calvin Turner, Deputy Chuck Christ who file this brief Reply to Plaintiff's Opposition to their 12(b)(6) motion to dismiss.

**A.    Plaintiff was not the subject of a traffic stop.**

In his Amended Complaint Plaintiff describes being approached by Deputy Christ. In both instances, Plaintiff is neither operating his car nor inside of it.[1] Despite this fact, Plaintiff repeatedly cites to law pertaining to traffic stops.[2] Traffic stops, by definition, are meant to address whether a traffic violation has occurred or was occurring. *United States v. Portillo-Saravia*, 379 F.Supp.3d 600, 612 (S.D.Tx. 2019). Standing next to a car does not make Plaintiff a "driver" any more than his standing near a boat would make him a sailor. Plaintiff's reliance upon any law involving traffic stops should be disregarded by this Court.

---

[1] R. Doc. 13, page 5, ¶¶ 26 ("Upon Plaintiff exiting his vehicle…) and 30 ("As Plaintiff turned to enter his vehicle.."); ¶ 36 ("Plaintiff returned to the scene on foot.").
[2] R. Doc. 32.

1

B.     **<u>Plaintiff has not shown that he was seized.</u>**

Plaintiff claims that because Deputy Christ allegedly asked for his identification— "briefly," per Plaintiff's recollection— he was seized under the Fourth Amendment.[3] This is false. "[E]ven when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual ... ask to examine the individual's identification ...; and request consent to search his or her luggage ... as long as the police do not convey a message that compliance with their requests is required." *Florida v. Bostick*, 501 U.S. 429, 435, 111 S.Ct. 2382, 2386. And, it must be noted, Plaintiff does not allege in his Amended Complaint that he did not feel free to leave. Plaintiff is, in essence, attempting to amend his Complaint through an opposition to a Rule 12 motion to dismiss, which is not allowed. *See Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)). To the extent Plaintiff is attempting to add any new claims through his opposition—such as new First Amendment claims, as seen on page 14 of that document—this too is impermissible.

C.     **<u>Plaintiff's First Amendment rights were not "chilled."</u>**

Plaintiff speaks of certain actions taken by Deputy Christ during his first November 2025 encounter with him as sufficiently chilling him—a man of firmness— from exercising his First Amendment rights, ignoring the fact that after these alleged actions occurred he left and came back, performing the same actions he had

---

[3] R. Doc. 13, page 5, ¶ 32.

performed before he left. Crucially, he does not claim that he left the second time under any form of duress. Nor has Plaintiff sufficiently alleged he suffered an injury. The Fifth Circuit has held that "[a]lthough some actions may have…the effect of chilling [the plaintiff's] protected speech, they are not actionable. *Id.* at 511 (citing *Pierce v. Texas Dep't of Criminal Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994)). In *Pierce*, a plaintiff alleged she was investigated once for trafficking and once for a verbal altercation. The Fifth Circuit found those incidents non-actionable under a First Amendment analysis because "[n]either investigation result[ed] in any action being taken against Pierce." *Id.* Here, Plaintiff's First Amendment claim must fail because (1) his First Amendment rights were not limited by Deputy Christ, (2) he has not suffered an actual injury, and (3) whatever it is Plaintiff is complaining appears to be so trivial it does not warrant relief.

### D. Sheriff Craft cannot be found liable under a theory of supervisory liability.

Plaintiff alleges for the first time that Sheriff Craft failed to train or supervise under a theory of supervisory liability in a manner which constitutes deliberate indifference. "The deliberate indifference standard is a high one." *Doe v. Ferguson*, 128 F.4th 727, 735 (5th Cir. 2025) (cleaned up). And, to act with deliberate indifference, "a state actor must know of and disregard an excessive risk to the victim's health or safety." *Id.* (cleaned up). "The state actor's actual knowledge is critical to the inquiry—a failure to alleviate a significant risk he should have perceived but did not…does not rise to the level of deliberate indifference." *Id.* (cleaned up). To demonstrate deliberate indifference under claims of supervisory

liability for a failure to train or supervise, Plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official, (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Landor v. Louisiana Dep't of Corr. And Pub. Safety,* 21-733-SDD-SDJ, 2022 WL 4593085, at *2 (M.D.La. Sept. 29, 2022) (citing *Brauner v. Coody,* 793 F.3d 493, 501 (5th Cir. 2015)).

Much like failure to train or supervise claims under *Monell*, supervisory liability failure to train or supervise allegations cannot be conclusory and those that "are insufficient to set out a constitutional claim." *Id.* (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005)). Crucially, "[p]roof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." *Id.* (citing *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2010)); *see also Snyder v. Trepangnier*, 142 F.3d 791, 798-99 (5th Cir. 1998) (generally requiring that a plaintiff demonstrate at least a pattern of similar violations). Plaintiff has completely failed in this regard. And besides, he has not affirmatively pled any such claim in his Amended Complaint.

As far as a failure to discipline is concerned, Plaintiff appears to be conflating *Monell* language ("moving force") with the notion of supervisory liability. Regardless, like many other claims referenced in Plaintiff's opposition, his failure to discipline claim is wholly new and must be disregarded. That fact aside, Plaintiff has not cited to a sufficient number of incidents to show a pattern of a failure to discipline, which

is fatal to his non-existent claim. *See Verastique v. City of Dallas, Tx.*, 106 F.4th 427, 432 (5th Cir. 2024).

E. **Plaintiff's equal protection argument is non-sensical.**

Frankly, Defendants do not know what to make of Plaintiff's "class of one" argument, except that it is tasteless and relies upon inadmissible "evidence." Plaintiff has attached a press release related to the murder of one citizen and the disappearance of another and highlighted the Sheriff's statement that he is actively investigating all leads, tips, and rumors relative to those crimes. Plaintiff grossly conflates whatever it is he is complaining of with the murder of another person. It is shameful, on the one hand, and impermissible on the other. "[A] Rule 12(b)(6) motion typically cannot rely on evidence outside the complaint." *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016). True, a district court may rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). But going beyond the pleadings is otherwise error. See Brand *Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

Facebook posts do not constitute public records. *Polnac v. City of Silver Springs*, 55 F.Supp.3d 309, 326 (E.D.Tx. 2021). Further, the content of the postings is not "generally known within the trial court's territorial jurisdiction" nor "accurately and readily determined from sources whose accuracy cannot be questioned." FED. R. EVID. 201(b), thus making the Facebook postings inappropriate for judicial notice. *Id.* at 326-27. As such, Plaintiff's addition to his opposition may not be considered.

For all of the reasons listed in Defendants' motion to dismiss and above, Plaintiff's claims should be dismissed with prejudice.

        Respectfully submitted,

        RODRIGUE & ARCURI LLP

        s/ *Jason P. Wixom*
        LAURA C. RODRIGUE (LSBN #30428)
        BLAKE J. ARCURI (LSBN #32322)
        JASON P. WIXOM (LSBN #32273)
        1615 Poydras Street, Suite 1250
        New Orleans, Louisiana 70112
        Tel: (504) 592-4600 Fax: (504) 592-4641
        COUNSEL FOR DEFENDANTS
        Email: jason@rodriguearcuri.com
               laura@rodriguearcuri.com
               blake@rodriguearcuri.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by electronic mail.

        s/ *Jason P. Wixom*
        JASON P. WIXOM