## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**HUGH BRIAN STREET**                    **CASE NO.  2:25-CV-01882**

**VERSUS**                               **JUDGE JAMES D. CAIN, JR.**

**CHUCK CHRIST ET AL**                   **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim" (Doc. 27) wherein Defendant Louisiana Sheriff's Law Enforcement Program (misidentified as the Louisiana Sheriffs Risk Management Program) moves to be dismissed with prejudice from this lawsuit.

## BACKGROUND

In this lawsuit, Plaintiff Hugh Brian Street has named as Defendants, Sheriff Sam Craft, Chief Calvin Turner, Deputy Chuck Christ, the Louisiana Sheriffs Law Enforcement Program ("LSLP") concerning an alleged interaction between Deputy Christ and Plaintiff on November 18, 2025. Plaintiff alleges that on this date, he happened upon a traffic stop being conducted by Deputy Christ, and for an unknown reason, he began recording the encounter.[1] Upon exiting his vehicle, Deputy Christ ordered Plaintiff to leave the area or risk going to jail.[2] Plaintiff alleges he verbally refused.[3] Deputy Christ then asserted that

---

[1] Doc. 13, ¶ 25.
[2] *Id.* ¶ 26.
[3] *Id.* ¶ 27.

Plaintiff was driving under suspension.[4] Thereafter, Plaintiff stopped recording and attempted to leave.[5]

Deputy Christ then ordered Plaintiff to "hold up,"[6] and subsequently detained Plaintiff for having an expired inspection and an obstructed license plate.[7] Shortly thereafter, Deputy Christ ordered Plaintiff to leave.[8] Plaintiff drove away but returned to the scene on foot to resume filming.[9] Deputy Christ then resumed "his duties," however, Plaintiff alleges that Deputy Christ intimidated him by placing his hand on his gun and "staring at Plaintiff."[10]

Plaintiff has asserted the following causes of action: Count I--First Amendment Retaliation, 42 U.S.C. § 1983, Count II—Unlawful Seizure, 42 U.S.C. § 1983, Count III—Excessive Force/Assault, 42 U.S.C. § 1983, Count IV—Monell Liability as to Sheriff Craft, Count V—State Law claims of aggravated assault, public intimidation, malfeasance, IIED, and abuse of process, Count VI—Due Process (14th Amendment), Count VII—Conspiracy (42 U.S.C. § 1985), Count VIII—Equal Protection "Class of One" (14th Amendment), Count IX—Direct Action (La. R.S. 22:1269).

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the

---

[4] *Id.* ¶ 28.
[5] *Id.* ¶ 29.
[6] *Id.* ¶ 30.
[7] *Id.* ¶ 31.
[8] *Id.* ¶ 32.
[9] *Id.* ¶ 36.
[10] *Id.* ¶¶ 38, 39.

complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Defendant argues that Plaintiff has erroneously represented that the LSLP is subject to direct action pursuant to LSA-R.S. § 22:1269 and moves to dismiss this Defendant with prejudice.  In his response, Plaintiff concedes that Defendants are correct and does not object to the dismissal of the LSLP.

## CONCLUSION

Finding that Defendants are correct that the LSLP is not subject to direct action pursuant to LSA-R.S. § 22:1269, and noting Plaintiff's non-objection, the Court will grant

Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim (Doc. 27) and dismiss this Defendant with prejudice.

**THUS DONE AND SIGNED** in chambers on this 5th day of March, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**