**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

HUGH BRIAN STREET                                    CIVIL ACTION NO. 2:25-CV-01882

                                                     JUDGE JAMES D. CAIN, JR.

VERSUS

                                                     MAGISTRATE JUDGE LEBLANC

CHUCK CHRIST, ET AL.
**********************************************************************************

## OPPOSITION TO PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND THE JUDGMENT

**NOW INTO COURT,** through undersigned counsel, come Vernon Parish Sheriff John Craft, Chief Calvin Turner, and Deputy Chuck Christ, who file this Opposition to Plaintiff's Rule 59(e) Motion to Alter or Amend this Court's Judgment of March 5, 2026, granting Defendants' Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) and dismissing this matter in its entirety.[1]

Per Plaintiff, his motion is:

> "[S]trictly confined to correcting the Court's wholesale misapplication of the Rule 12(b)(6) standard and its failure to recognize controlling Supreme Court precedent in its Memorandum Ruling (Doc. 36)— specifically, the application of unlawful evidentiary burdens, the impermissible resolution of factual disputes in favor of the defense, and the silent bypass of mandatory procedural safeguards for *pro se* litigants."[2]

### I. LAW AND ANALSYSIS

Rule 59(e) provides courts with an opportunity to remedy their "own mistakes in the period immediately following" their decisions. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). (quoting *White v. N.H. Dep't of Emp. Sec*., 455 U.S. 445, 450 (1982)). Given "that corrective

---

[1] R. Doc. 37.
[2] *Id.*

function," courts generally use the rule "only to reconsider matters properly encompassed in a decision on the merits." *Id.* (omitting citation, internal quotation marks and brackets). While "courts may consider new arguments based on an 'intervening change in controlling law' and 'newly discovered or previously unavailable evidence,'" they "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* at 1703 & n.2.

A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *T. B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)). Such a motion is for that "narrow purpose" only and courts "sparingly" use the "extraordinary remedy" to reconsider "a judgment after its entry." *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (citations omitted). Here, Plaintiff has neither identified any newly discovered or previously unavailable evidence, nor has he shown any manifest error in law or fact. As such, Plaintiff's Rule 59(e) motion must be denied.

## A.   **Plaintiff was not seized by Deputy Christ.**

The Court noted in its Memorandum Ruling that it "has carefully reviewed the Complaint," as reflected in the Court's ruling.[3] It is equally evident that Plaintiff did not review his own filings closely before filing his Rule 59(e) motion. The Court correctly identified the source of Plaintiff's "seizure" claim in ruling on Defendants' Rule 12(b)(6) motion: namely, Plaintiff's allegation that Deputy Christ first told him to leave the area, but then ordered him to "hold up," which purportedly constituted a seizure. This is not Defendants' interpretation of Plaintiff's filings—it is, instead, taken *directly* from Plaintiff's Opposition to Defendants' Motion to Dismiss:

---

[3] R. Doc. 36.

**5. The Seizure ("The Trap"):** Deputy Christ ordered Plaintiff to "drive off" or face jail. As Plaintiff attempted to comply and leave, Deputy Christ verbally countermanded his previous order, shouting "Hold up," and detained Plaintiff [Doc. 13 at ¶ 30].

The Defendants argue that "Plaintiff was not seized" because he was "ordered to leave" [Doc. 29-1 at p. 6]. This is a material misrepresentation of the Complaint. While Deputy Christ initially told Plaintiff to leave, the Complaint explicitly states what happened next: "Defendant Christ verbally countermanded his previous order, shouting 'Hold up,' and detained Plaintiff." [Doc. 13 at ¶ 30].

And, lest there be any confusion, Plaintiff unambiguously argued that "[t]he subsequent "Hold Up" was a new, suspicionless seizure."[4]  Plaintiff then went on to accuse Defendants of what he is now doing: "By ignoring the "Hold Up" order, Defendants are rebutting a factual scenario that does not exist in the Complaint.  Plaintiff has [thus] properly pled a non-consensual *seizure* (detention) lacking reasonable suspicion."[5]  This Court correctly determined that the deputy's alleged order to "hold up" did not constitute a seizure.

**B.      Plaintiff's claim for excessive force was, and remains, meritless.**

Plaintiff alleged that Deputy Christ's alleged placement of his hand on his service weapon constitutes excessive force under the Fourth Amendment.  The Court correctly noted that "[t]o prevail on an excessive force claim, a plaintiff must show: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Turner v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005).  Plaintiff has provided no law to counter this well-established standard.  Moreover, Plaintiff has failed to show

---

[4] R. Doc. 32, page 7.
[5] *Id.*, page 8 (emphasis added).

3

any injury relative to an alleged use of force, nor has he provided any law to show that the mere act of touching a gun rises to the level of excessive force.  Nor could he.  In the matter of *Crane v. City of Arlington, Texas*, 50 F.4th 453 (5th Cir. 2022), the Court recognizes that an officer's *pointing* of a gun at a citizen does not necessarily constitute excessive force and, moreover, that "the momentary fear experienced by the plaintiff when a police officer pointed a gun at him did not rise to the level of a constitutional violation."  *Id.* at 468 (cleaned up).  This Court properly dismissed Plaintiff's meritless excessive force claim.

**C.      Plaintiff's First Amendment claim was also properly dismissed.**

This Court correctly found that Plaintiff's failure to assert that any use of force against him nullified his First Amendment retaliation claim.  However, as represented by Plaintiff in his various complaints, his speech was not "chilled."  Plaintiff left the scene of the traffic stop when he was ordered to do so but voluntarily came back without incident.  He suffered no injury—he certainly does not lay out the existence of "severe emotional distress or fear of violence, as recognized by this Court when ruling on Plaintiff's IIED claim—nor was his speech "chilled" as evinced by his own decision to return to the site and continue recording.

**D.      Plaintiff misapprehends the requirements of an equal protection claim.**

Plaintiff asserts that an equal protection violation exists because Chief Calvin Turner allegedly divulged a "different legal standard to the general public than it does 'our own."  This is not sufficient for the purpose of properly alleging an equal protection claim.  Plaintiff—meaning *he himself*—was required to allege that *he* was treated differently from others similarly situated within the context of his own allegations.  He failed to do so, and this claim was properly dismissed.

**E.**    **Plaintiff did not allege personal participation on the part of the Sheriff or Chief Turner.**

Plaintiff's "personal participation" arguments do not require much analysis. Plaintiff has not sufficiently alleged that either the Sheriff or Chief Calvin Turner had direct, personal involvement in what Plaintiff (incorrectly) considers to be constitutional violations. A state official can be sued in his individual capacity and held personally liable under § 1983 if a plaintiff can show the official, acting under state law, caused the deprivation of a federal right. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Per the United States Fifth Circuit Court of Appeals, "This standard requires more than conclusional assertions. The plaintiff must allege specific acts giving rise to a constitutional violation." *Oliver*, 276 F.3d at 741. None of the enumerated items listed in Plaintiff's sections 6 and 7 qualify as "constitutional violations" which would subject Defendants to personal liability under § 1983, nor do they evince "deliberate indifference" as contemplated by § 1983. All individual capacity claims were properly disposed of in this matter.

**F.**    **This Court did not subject Plaintiff to a heightened evidentiary burden or pleading standard.**

Plaintiff cites to the matter of *Leatherman v. Tarrant Cnty.*, 507 U.S. 163 (1993) when arguing that he was subjected to a "heightened, trial-level evidentiary burden at the pleading stage" which could, perhaps, be resolved if the parties were to participate in discovery. However, this is a flawed and legally impermissible approach. The question presented by a motion to dismiss for insufficient pleadings does not turn on the controls placed on the discovery process." *Id.* at 664 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559,127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In fact, the Supreme Court stated that because the complaint was deficient under Rule

5

8,the court explicitly stated the plaintiff was "not entitled to discovery, cabined or otherwise." *Id.*

The court continued:

> "Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

*Iqbal,* 556 U.S. at 678-79.

In other words, Plaintiff cannot invoke the future discovery process to avail himself of the express requirements of *Iqbal* and *Twombly*. And, as the Fifth Circuit recently held, a Plaintiff seeking to defeat a party's invocation of qualified immunity—and all Defendants invoked qualified immunity in this case—must do so "without *any* discovery." *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). No, Plaintiff's allegations were simply required to comport with the pleading standard to be applied in this matter, and Plaintiff failed to do so.

## G.    <u>Plaintiff's state law claims.</u>

Despite Plaintiff's protestations to the contrary, he did *not* identify, with any degree of specificity—despite having had two opportunities to do so—which Defendant committed "aggravated assault, public intimidation, IIED, and abuse of process." Further, Plaintiff fails to recognize that several of the "torts" he identifies are criminal acts designated by criminal statutes which, as this Court recognized, does not give rise to civil liability. And, as alluded to above, Plaintiff failed to sufficiently show that the alleged actions he complained of were (1) extreme and outrageous, (2) that plaintiff alleged he suffered "severe" emotional damage, and (3) that *any*

Defendant desired to inflict emotional distress or knew that it was certain or substantially certain to result from his conduct. *See White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). Plaintiff's state law claims were as ineffectively pled as his federal claims and were properly dismissed.

**H.      Plaintiff is not entitled to automatic leave to amend his Complaint yet another time.**

Curiously, Plaintiff has represented to this Court that the matter of *Erickson v. Pardus*, 551 U.S. 99 (2007) mandates that "a court must offer a pro se civil rights litigant at least one opportunity to amend before permanently closing the case." This  is  a  categorically  false representation, and *Erickson* does not even remotely stand for that premise.

Further, Plaintiff did not satisfy the necessary criteria for seeking leave to amend through his opposition. Although courts generally do offer *pro se* litigants great latitude when pleading their cases, this does not imply that *pro se* litigants have an automatic right to amend in the face of a motion to dismiss particularly when, as here, a plaintiff contends that he has pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Further, Plaintiff failed to identify "any material facts that he would have included in an amended complaint" and, thus, has failed to show that this Court improperly denied him leave to amend his Complaint a second time. *Id.* (cleaned up).

## II.  CONCLUSION

Plaintiff has failed to make a compelling showing that this Court erroneously ruled on Defendants' Rule 12(b)(6) motion to dismiss. As such, Plaintiff's Rule 59(e) motion should be denied.

Respectfully submitted,

RODRIGUE & ARCURI LLP

 s/ *Jason P. Wixom*
LAURA C. RODRIGUE (LSBN #30428)
BLAKE J. ARCURI (LSBN #32322)
JASON P. WIXOM (LSBN #32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel:  (504) 592-4600 Fax: (504) 592-4641
COUNSEL FOR DEFENDANTS
Email: jason@rodriguearcuri.com
         laura@rodriguearcuri.com
         blake@rodriguearcuri.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of April, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the court's electronic filing system.  I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by electronic mail.

 s/ *Jason P. Wixom*
JASON P. WIXOM

8